UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN FRAZIER,

    Plaintiff,

v.

                                Case Number 19-10389
                                Honorable David M. Lawson

KEVIN LINDSEY, UNKNOWN JANE DOE,
D. SMITH, UNKNOWN PLESHAKEL,
UNKNOWN PRICE, JOEL SALINES,
UNKNOWN MOREY, K. FRANCISE,
UNKNOWN JONES, UNKNOWN COLTHFELT,
UNKNOWN HOGANSON, CHRISTINE
MCCUMBER-HEMRY, UNKNOWN DAVIDSON,
UNKNOWN DETLOFF, UNKNOWN DIVISH,
UNKNOWN HARTINAGEL, UNKNOWN BARNES,
UNKNOWN FIELDS, UNKNOWN GANAWAY,
UNKNOWN MCNEAL, UKNOWN DOLTHS,
UNKNOWN SNYDER, UNKNOWN LAMB,
UNKNOWN KLOTZ, UNKNOWN FARHAT,
UNKNOWN SAVICKEY, UNKNOWN MORRIS,
RICHARD RUSSELL, UNKNOWN WASHINGTON,
CARINA BLAIR, UNKNOWN PURDY,
BRIAN JOHNSON, TIFFANY KISOR, UNKNOWN
SCHUBRING, AND UNKNOWN KING,

    Defendants.
_____/

## ORDER OF PARTIAL SUMMARY DISMISSAL AND DIRECTING PLAINTIFF TO COMPLETE SERVICE DOCUMENTS AND FOR SERVICE OF PROCESS BY THE U.S. MARSHAL

On February 7, 2019, plaintiff Alvin Frazier, a state prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* civil rights action under 42 U.S.C. § 1983 and application to proceed without prepaying the fees and costs for this action. The thirty-five defendants named in the caption to the complaint are several employees of the Michigan Department of Corrections (MDOC). In his complaint and attached exhibits, the plaintiff alleges that these defendants have retaliated against him for pursuing legal redress of other civil rights

-1-

violations. However, the plaintiff has failed to allege personal involvement on the part of many of the defendants and otherwise has failed to state a plausible claim against all but two of the defendants. The complaint therefore will be dismissed in part.

I.

Frazier was convicted of second-degree murder and sentenced to prison for 15 to 30 years on July 16, 2008. The complaint and attached exhibits recite that in 2017, the plaintiff filed a lawsuit in the United States District Court for the Western District of Michigan against three MDOC facilities — Chippewa Correctional Facility, Marquette Branch Prison, and Kinross Correctional Facility — alleging that as a result of the MDOC's failure to protect him from the family of his victim, he was assaulted and stabbed several times. Frazier presently alleges that MDOC staff at his current facility since have engaged in a variety of retaliatory actions. He says that he wrongfully was cited with a misconduct ticket after a fight with another prisoner, asserting that the subsequent investigation into that fight was unfair and biased, and that he was denied a favored job within the facility's kitchen based on his race, as well as access to his assigned psychologist. The complaint also includes allegations that personnel have disregarded the rules related to the handling of "legal" mail and that Frazier feels compelled to stand mute as to any other grievances.

Frazier seeks a declaration that the defendants' conduct violates his Eighth Amendment right not to be subjected to cruel and unusual punishment and other constitutional rights not specifically enumerated, as well as money damages and an injunction ordering the defendants to cease any further retaliatory action against him.

II.

When a plaintiff has asked the Court to waive fees and costs because he cannot afford to pay them, the Court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, Congress mandated in the Prison Litigation Reform Act (PLRA) that district courts screen for colorable merit every prisoner complaint filed against a state or governmental entity. 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). Dismissal on the Court's initiative is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

Although a *pro se* litigant's complaint must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

A.

Of the thirty-five individuals named as defendants, the body of the complaint does not contain any allegations with respect to four of them: Jane Doe, Richard Russell, Carina Blair, and Brian Johnson. Under section 1983, a person may file a "[p]ersonal-capacity suit[]" seeking "to impose personal liability upon a [state actor] for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). To support such a claim, the plaintiff "must plead that each [state actor] defendant, through the [person]'s own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. 662, 676 (2009). Because he failed to allege any facts that these defendants had any involvement in the events described in the complaint, the plaintiff has not stated a section 1983 claim against them. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed. . . .").

Similarly, the complaint alleges that the plaintiff discussed the alleged misconduct with defendants Unknown Morey, Unknown Jones, Unknown Ganaway, Unknown Barnes, Unknown Fields, Unknown Klotz, Unknown Lamb, Unknown Snyder, Unknown Farhat, and Unknown Savickey. But because there are no allegations that these defendants personally were involved in the alleged misconduct, the complaint fails to state a claim against them.

B.

Frazier's attempts to hold defendant Warden K. Lindsey liable on a *respondeat superior* theory of liability based on his subordinates' failure to follow the posted rules. However, vicarious liability cannot support a claim under section 1983 suits. *Iqbal*, 556 U.S. at 676. A civil rights plaintiff must describe the personal conduct of each government-official defendant that he believes violated the Constitution. *Ibid.*; *accord Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (noting that the "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right") (emphasis in original); *Ridgeway v. Kentucky*, 510 F. App'x 412, 413 (6th Cir. 2013) (stating that a plaintiff must "provide detail as to how each defendant allegedly violated his constitutional rights").

Similarly, Frazier attempts to hold defendants D. Smith, Christine McCumber-Hemry, Tiffany Kisor, Brian Johnson — all of whom were wardens or deputy wardens at the named correctional facilities — liable on a *respondent superior* theory of liability. Those defendants will be dismissed for the same reason.

C.

Frazier has sued defendants Joel Salinas, K. Francise, Unknown Jones, Unknown Hoganson, Christine McCumber-Henry, Unknown Davidson, Unknown Detloff, Unknown Ganaway, Unknown Klotz, Unknown Farfat, Tiffany Kisor, and Unknown King contending that they denied him due process at the misconduct hearing and administrative appeal that adjudicated an altercation with another inmate. Frazier alleges that he was attacked from behind, unprovoked, and that he should not have received a misconduct ticket for that episode. Frazier's disciplinary sanctions did not affect his sentence.

A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 486-87 (1995). The Sixth Circuit has held that misconduct convictions that do not result in the loss of good time are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g., Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); *Green v. Waldren*, No. 99-1561, 2000 WL 876765, at *2 (6th Cir. June 23, 2000).

The misconduct report appended to the complaint indicates that Frazier's sanction for the fighting violation was ten days of detention, thirty days of top-lock, and a security reclassification. Frazier did not lose any good-time credits. Because the misconduct charge did not implicate a liberty interest, Frazier cannot state a claim against these defendants insofar as he claims that he was denied due process.

D.

Frazier accuses defendants Unknown Hoganson, Unknown Detloff, Unknown Hartinagel, and Unknown Kisor of verbally harassing or intimidating him and gossiping about other inmates. Verbal harassment, although unprofessional and reprehensible, does not constitute a constitutional violation. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) (per curiam); *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (prison guard's use of racial slurs and other derogatory language against state prisoner did not rise to level of a violation of the Eighth Amendment) (citing *Torres v. County of Oakland*, 758 F.2d 147, 152 (6th Cir.1985)); *Brown v. Toombs*, 983 F.2d 1065 (Table), 1993 WL 11882, at *1 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment."). Frazier therefore fails to state a claim against these defendants on this basis.

E.

The complaint alleges that the following defendants retaliated against the plaintiff for filing a lawsuit in the Western District of Michigan: Unknown Smith, Unknown Price, Joel Salinas, and Unknown Morris. The plaintiff asserts that as a result of the lawsuit, these defendants "treated plaintiff differently" than other inmates, and he suggests that defendant Morris was biased against him in deciding the misconduct charge against him. He also asserts that defendants Unknown Davidson and Unknown Washington retaliated against him by transferring the plaintiff from a certain unit after the plaintiff showed Unknown Davidson a policy regarding prisoner-to-prisoner mail and after he was released from administrative segregation.

To state a claim for unlawful retaliation under the First Amendment, a plaintiff must plead facts establishing three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse

action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

It is well recognized that retaliation is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). However, conclusory allegations of a retaliatory motive unsupported by material facts are insufficient to state a retaliation claim. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened under 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("bare allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening). Furthermore, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004).

Although the act of filing the lawsuit in the Western District of Michigan was protected conduct, treating plaintiff "differently" than other inmates does not sufficiently allege that the defendants' conduct would deter a person of ordinary firmness from continuing to engage in that conduct. The plaintiff therefore has not stated a retaliation claim against defendants Unknown Smith, Unknown Price, and Joel Salinas.

The plaintiff appears to allege that defendant Morris decided the fighting-misconduct charge unfavorably in retaliation for the plaintiff maintaining the lawsuit. While "fixing" a

misconduct ticket against a prisoner might suffice to deter a person of ordinary firmness from engaging in protected conduct, the plaintiff has not alleged any facts that would connect the filing of his lawsuit — which involved events at a different prison related to housing plaintiff with family members of the victim of his crime — with the fighting-misconduct hearing at his current facility. The plaintiff merely alleges temporal proximity between the filing of the other lawsuit and Morris's decision against him for the misconduct. However, the Sixth Circuit has been reluctant to find that temporal proximity between protected conduct and an official's adverse conduct, standing alone, is sufficient to establish a retaliation claim. *Hill v. Lappin*, 630 F.3d 468, 476 (6th Cir. 2010).

The plaintiff has not established that any alleged act of retaliation by defendants Unknown Davidson and Unknown Washington was connected to the lawsuit. The plaintiff asserts that Davidson transferred him to another unit after the plaintiff showed him a copy of a policy related to prisoner-to-prisoner mail. He asserts that Washington transferred him out of the "honor" unit after he was released from administrative segregation. But the complaint is silent as to whether the alleged acts of retaliation have anything to do with the plaintiff's lawsuit.

The plaintiff's retaliation claim against these defendants therefore must be dismissed.

F.

Next, the complaint alleges that some of the named defendants interfered with plaintiff's legal mail while his other lawsuit was pending. The plaintiff asserts that when he complained to defendant Unknown Davidson about the mishandling of his legal mail, Davidson told him that if he requested a hearing on the matter that his mail would be destroyed. However, he does not allege that any of his legal mail was in fact destroyed. The plaintiff asserts that defendants Unknown Detloff and Unknown Divish would not let him send out legal mail through his counselors at the

times normally allowed. He does not allege, though, that he was prevented from sending out legal mail at other times. The plaintiff asserts that he filed a grievance against defendant Pleshakel, and that after he did so the manner in which legal mail is processed by his facility was changed. But the complaint does not allege that any incident with defendant Pleshakel had any negative consequence on his Western District of Michigan case. The complaint contains additional allegations regarding the handling of his legal mail, but they do not appear to assert that any of the associated defendants were responsible for any of the alleged problems.

It is well-established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The right of access to the courts prohibits prison officials from erecting barriers that may impede the inmate's accessibility to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992). In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual prejudice or "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

The plaintiff has not identified any actual prejudice or injury to any underlying legal claim in his Western District of Michigan case. The plaintiff does not indicate the nature of the legal mail that was interfered with, nor does he allege that the interference prevented him from sending out mail or caused him to miss a deadline. The plaintiff has failed to state a claim with respect to the alleged mishandling of his legal mail.

G.

Finally, the complaint alleges that the commissary jobs at the facilities' kitchens were reserved for white prisoners. The plaintiff asserts that he was prevented from obtaining one of these favored jobs on the basis of his race.

It is not clear from the complaint, however, who was in charge of assigning the kitchen jobs. The complaint, liberally construed, appears to assert that defendants Unknown Colthfelt, a food service supervisor, and Unknown Schubring, a food service director, always awarded certain food service jobs to white prisoners even if they were less qualified than non-white prisoners. There is other mention of discrimination elsewhere in the complaint, but the allegations seem to relate to defendants Unknown Price, Unknown Hoganson, Unknown Fields, Unknown Ganaway, Unknown McNeal, and Unknown Dolths, to whom the plaintiff merely complained about the discrimination. The plaintiff also alleges that defendant Unknown Purdy refused to assign him a job, but that apparently was the result of the plaintiff simply following certain rules, not his race.

Discrimination is prohibited by the Equal Protection Clause of the Fourteenth Amendment, which "commands that no state shall deny to any person within its jurisdiction the equal protection of the laws." *Club Italia Soccer & Sports Org., Inc. v. Charter Twp.*, 470 F.3d 286, 298 (6th Cir. 2006) (internal quotation marks omitted). "To establish a claim for relief under the Equal Protection Clause, a plaintiff must demonstrate that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Id*.

It is true that a prisoner has no "right to prison employment or a particular prison job." *Jewell v. Leroux*, 20 F. App'x. 375, 377 (6th Cir. 2001). It is equally true, however, that "[p]risoners are protected under the Equal Protection Clause of the Fourteenth Amendment from

invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Racial classification in the prison setting, like such classification outside the prison setting, is permissible only when it is narrowly tailored to serve a compelling state interest. *See Johnson v. California*, 543 U.S. 499, 505-15 (2005). Although a prisoner has no constitutional right to a particular job, the Equal Protection Clause prohibits prison officials from delegating work assignments based on race. *See Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004); *Black v. Lane*, 824 F.2d 561, 562 (7th Cir. 1987).

The plaintiff's allegations that he was denied a particular job solely on the basis of his race states a claim for relief against defendants Unknown Colthfelt and Unknown Schubring. However, the plaintiff has failed to state a discrimination claim against the other listed defendants as he does not assert that they personally took any racially discriminatory actions against him.

### III.

The plaintiff has failed to state a plausible claim for relief against several defendants. The complaint therefore will be partially dismissed.

Because the plaintiff is proceeding without an attorney and has been granted leave to proceed without prepayment of fees, he is automatically entitled to have the summons and complaint served by the United States Marshal. E.D. Mich. LR 4.1(b). However, in order to complete that process, the plaintiff "must prepare all required forms," and "[w]here necessary, [must] present the process to the Clerk for signature and sealing." E.D. Mich. LR 4.1(a). The documents that the plaintiff must submit in order for the Clerk of Court to complete service of process in a civil action are: (a) one copy of the complaint for each defendant; (b) two USM 285 forms for each defendant; and (c) three summonses for each defendant.

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** as to defendants Kevin Lindsey, Jane Doe, D. Smith, Unknown Pleshakel, Unknown Price, Joel Salinas, T. Morey, K. Francise, Unknown Jones, Unknown Hoganson, Christine McCumber-Henry, R. Davidson, Unknown Detloff, Unknown Divish, Unknown Hartinagel, Unknown Barnes, Unknown Fields, Unknown Ganaway, Unknown McNeal, Unknown Dolths, Unknown Snyder, Unknown Lamb, Unknown Klotz, Unknown Farhat, Unknown Savickey, S. Morris, Richard Russell, Unknown Washington, Carina Blair, Unknown Purdy, Brian Johnson, Tiffany Kisor, and J. King **ONLY**.

It is further **ORDERED** that the plaintiff must complete and present to the Clerk of Court each of the following: (a) one copy of the complaint for defendants Unknown Clothfelt and Unknown Schubring each; (b) two USM 285 forms for Unknown Clothfelt and Unknown Schubring each; and (c) three summonses for Unknown Clothfelt and Unknown Schubring each. Blank copies of the USM 285 form and summons are available for download on the Court's website.

It is further **ORDERED** that, upon receipt of the completed documents listed above, the Clerk of Court shall process the case for service by the U.S. Marshal, and the Marshal shall serve a copy of the complaint, summons, and this order upon defendants Unknown Clothfelt and Unknown Schubring each without prepayment of the usual costs for such service.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date: July 8, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 8, 2019.

     <u>s/Susan K. Pinkowski   </u>
     SUSAN K. PINKOWSKI