**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALVIN FRAZIER.,

          *Plaintiff,*

*v*.

UNKNOWN COLTHFELT,
UNKNOWNSCHUBRING,

        *Defendants.*

_____/

CASE NO. 19-10389

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**REPORT & RECOMMENDATION ON IFP SCREENING (ECF No. 1)**

**I.**    **RECOMMENDATION**

In this prisoner civil rights case under 42 U.S.C. § 1983, *pro se* Plaintiff Alvin Frazier

sues a host of officials from the Michigan Department of Corrections (MDOC). (ECF No. 1).

On the same day the Court entered an order *sua sponte* dismissing all but two of the defendants,

(ECF No. 13), Plaintiff filed a motion to amend his complaint, (ECF No. 15). That motion is

currently before the Court. For the reasons that follow, I conclude that the Court should **GRANT**

Plaintiff's motion. (ECF No. 15). However, I also recommend screening the amended complaint

under 28 U.S.C. § 1915(e)(2)(B) and **DISMISSING** all claims and defendants, new and old,

except for those against defendants Colthfelt and Schubring, which were the only ones left

standing in the Court's prior dismissal order (ECF No. 14).

**II.**    **REPORT**

    **A.**    **Factual Background**

The facts alleged in the original complaint were summarized in the prior order:

1

Frazier was convicted of second-degree murder and sentenced to prison for 15 to 30 years on July 16, 2008. The complaint and attached exhibits recite that in 2017, the plaintiff filed a lawsuit in the United States District Court for the Western District of Michigan against three MDOC facilities — Chippewa Correctional Facility, Marquette Branch Prison, and Kinross Correctional Facility — alleging that as a result of the MDOC's failure to protect him from the family of his victim, he was assaulted and stabbed several times. Frazier presently alleges that MDOC staff at his current facility since have engaged in a variety of retaliatory actions. He says that he wrongfully was cited with a misconduct ticket after a fight with another prisoner, asserting that the subsequent investigation into that fight was unfair and biased, and that he was denied a favored job within the facility's kitchen based on his race, as well as access to his assigned psychologist. The complaint also includes allegations that personnel have disregarded the rules related to the handling of "legal" mail and that Frazier feels compelled to stand mute as to any other grievances.

Frazier seeks a declaration that the defendants' conduct violates his Eighth Amendment right not to be subjected to cruel and unusual punishment and other constitutional rights not specifically enumerated, as well as money damages and an injunction ordering the defendants to cease any further retaliatory action against him.

(ECF No. 13, PageID.126). Subsequently, the Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 10).

On July 8, 2019, he signed a motion to amend his complaint and a copy of the amended complaint itself. (ECF No. 15, PageID.156; ECF No. 16, PageID.186-187).[1] He also provided a Proof of Service claiming that he sent the amended complaint on July 8, 2019. (ECF No. 16, PageID.187). The attached envelope is postmarked July 9, 2019. (ECF No. 16, PageID.191).

Also on July 8, the Court issued an order screening the original complaint under 29 U.S.C. § 1915(e)(2)(B) and dismissing various defendants and claims. (ECF No. 13). That order was later vacated, however, and on July 11, the Court issued an amended order once again screening

---

[1] Plaintiff styles it as a second amended complaint and says that he is moving "for the 2nd time to correct errors of fact and omission of claims/witnesses of error." (ECF No. 15, PageID.152). However, no prior motions to amend or amended complaints appear on the docket. This is his first such motion and his first amended complaint.

the original complaint and dismissing all claims except those against two defendants. (ECF No. 14). Also on July 11, the Court received (and stamped as "Filed") Plaintiff's motion to amend and his amended complaint. (ECF Nos, 15, 16).

Plaintiff's amendments change very little from the original complaint. As Plaintiff explains in his motion, the only change he wishes to make is the addition of two defendants, "SGT. Ms. Unknown Davidson" and "SGT. Mr. unknown Macaine."[2] (ECF No. 15, PageID.155). He cites only four paragraphs in the body of the complaint that are affected by these changes: paragraphs 38 through 40, 42, and 43. (ECF No. 16, PageID.169-172). But paragraphs 38 and 39 appeared in the original complaint and are the same in the amended complaint. (ECF No. 1, PageID.17-18; ECF No. 16, PageID.169-170). The amended complaint would add only two lines to the end of paragraph 42: "A court Witness is Mr. Unknown Farhat, if Courts, please contact him by phone/call out of respect for witness as I told him firsthand I'll ask for court to do, so note:[.]" (ECF No. 16, PageID.171).[3] Finally, in paragraph 43, Plaintiff replaces the final sentence, (ECF No. 1, PageID.19 ("And he alerted staff at JCF, which some ignored plaintiff and told plaintiff he was getting on they nerves, who was a seargent [*sic*] but not anymore, which plaintiff will try to name later cause officer works level 2 cotton side."), with the following:

> Mr. Unknown Farhat, was only alerted because Sargent Mr. Unknown Mclain, biasses discriminatory daily racially displayed actions-towards prisoner Frazier's, et al, at numerous-times after failed attempts for a positive resolution that will prevent and/or cause the least amount of harm if a harm was not avoidable. In Which Sargent Uknown Mclain, ignored plaintiff and told him he was getting on

---

[2] In the amended complaint, he uses the spelling, "Mclain," which I will use as well in the remainder of the Report.

[3] In his motion to amend, Plaintiff places this line at the end of paragraph 40. (ECF No. 15, PageID.153). In addition, his motion states that paragraph 40 would also include the line "So I ask this honorable Court as Plaintiff to please add unknown Ms. Davidson, in list of defendants as Defendant #36." (*Id.*) That line does not appear in the actual amended complaint and, in any case, nothing turns on its inclusion or exclusion.

his nerves, who was a Sargent but not anymore I've been told but seen him one day while in healthcare acting as one of (JCF) employed Sargents. (Which plaintiff have now named unknown Mclain, in list-listed of defendants as Defendant #37. For the most part the Entire Complaint is the same except for facts are now accurately geared toward the right defendants, with both being added to Defendants list of names, to have a day in court.

(ECF No. 16, PageID.171 (*sic* throughout)). The amended complaint adds these two individuals, Ms. Davidson and Mr. Mclain, to the list of defendants. (ECF No. 16, PageID.186). A comparison of the original and amended complaints reveal no other changes.[4]

Subsequently, Plaintiff filed a motion for reconsideration of the Court's dismissal order, which was denied as untimely. (ECF No. 19). He also appealed the dismissal order to the Sixth Circuit, which found that it lacked jurisdiction because no final judgment had entered. (ECF No. 28, PageID.271).

**B.   Law and Analysis**

**1.   Motion to Amend**

Federal Rule of Civil Procedure 15(a)(1) provides for amendments as a matter of course:

A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

"In all other cases, party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A court need not grant leave to amend, however, where the amendment would be 'futile,'" and amendment "is futile when the proposed amendment would not permit the

---

[4] The order of the allegations in paragraph 44 is slightly different in the amended complaint than it was in the original, but there are no changes in meaning. (ECF No. 1, PageID.19-20; ECF No. 16, PageID.171-172).

complaint to survive a motion to dismiss." *Miller v. Calhoun Co.*, 408 F.3d 803, 817 (6th Cir. 2005).

Plaintiff filed his amended complaint before the original was served on any party, and no responsive pleadings or motions have been filed. Without more, his amendment would be timely under FRCP 15(a)(1). *Cf. Butler v. Dep't of Human Servs.*, 2017 WL 4533276, at *1 n.2 (E.D. Mich. Sept. 19, 2017) ("Here, since service has not been accomplished, Butler is entitled to amend her complain 'once as a matter of course'" under Rule 15(a)(1).), *rep. & rec. adopted by* 2017 WL 4517920 (E.D. Mich. Oct. 10, 2017). This determination would usually be enough to, without more, find that the amended complaint has supplanted the original. *See Broyles v. Correctional Med. Servs., Inc.*, 2009 WL 3154241, at *4 (6th Cir. Jan. 23, 2009) ("[B]ecause Broyles was not required to seek leave [under Rule 15(a)(1)(A)], the fact that the amendment would be futile did not provide a basis for the district court to strike Broyles' amended complaint.").[5]

The first wrinkle here, however, is that the Court's dismissal order came down nearly simultaneously with Plaintiff's filing, which is measured by the mailbox rule. *Cf. Buckner v. City of Memphis Claims & Risk Mgmt.*, 2017 WL 8180568, at *1 (6th Cir. Oct. 18, 2017) (noting that the district court properly determined an "amended complaint was timely filed pursuant to the prison mailbox rule"). Under this rule, "a pro se prisoner's court filing is deemed filed on the date he provides the document to the prison officials to be mailed to the Court, not the date the

---

[5] *Broyles* also indicates that Rule 15(a) is the appropriate way to add parties, which is what Plaintiff seeks here. 2009 WL 3154241, at *3 (noting that the Circuit had not previously decided whether Rule 15 was the proper vehicle and, because the plaintiff could amend as a matter of course, reversing the district court's determination that a different Rule was necessary); *see also Peguese v. PNC*, 306 F.R.D. 540, 546 (E.D. Mich. 2015) ("This Court agrees with the majority of jurisdictions that Rule 15(a)(1) prevails over Rule 21 when a plaintiff amends his complaint as a matter of course within the time allowed and adds a party.").

Court actually receives the documents." *United States v. Greer*, 2019 WL 5288045, at *3 (E.D. Mich. Oct. 18, 2019). "Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). As noted, Plaintiff filed signed his complaint on June 8, the same day that the vacated dismissal order was entered and three days before the operative dismissal order. From this perspective, the amended complaint preceded or was synchronous with the dismissal order.

A second wrinkle, for reasons that will become apparent below, is that Plaintiff appealed the amended dismissal order. The issue, then, is whether the amendment by right survived the dismissal order and Plaintiff's appeal of that order, and, if not, whether Plaintiff should be granted leave to amend nonetheless. I will walk through the analysis below, but ultimately it is unnecessary to decide whether Plaintiff had the ability to appeal by right: no matter how the Court would decide this issue, the outcome remains the same.

The analysis begins with the interaction of Rule 15 amendments and *sua sponte* dismissals under 28 U.S.C. § 1915(e)(2), part of the Prison Litigation Reform Act (PLRA). Prior to passage of the PLRA, the Sixth Circuit observed that "*sua sponte* dismissals are not in accordance with our traditional adversarial system of justice because they cast the district court in the role of 'a proponent rather than an independent entity.'" *Tingler v. Marshall*, 716 F.2d 1109, 1111 (6th Cir. 1983). For that reason, and others, the court held that district courts must provide a plaintiff with the opportunity to amend his or her complaint before dismissing it *sua sponte*. *Id.* at 1112.

Later, in *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), the court determined that the PLRA had overruled *Tingler*. Because the PLRA required dismissal if,

among other things, a complaint failed to state a claim, the Sixth Circuit believed that the statute deprived district courts of "discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal." *Id.* at 612. Under this ruling, courts held that "permitting the plaintiff to amend his complaint following the screening process required by 28 U.S.C. §§ 1915(e)(2) and 1915A generally is not allowed under the PLRA." *Jurich v. Michigan Dep't of Corrections*, 2010 WL 3258359, at *3 (E.D. Mich. Aug. 17, 2010).

But *McGore* was itself overturned in *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). There, the plaintiff argued that the district court should not have screened and "dismissed his complaint with prejudice and without leave to amend." *Id.* The Sixth Circuit noted Supreme Court's post-*McGore* pronouncement that "the PLRA's screening requirement does not— explicitly or implicitly—justify deviating from the usual procedural practice beyond the departures specified by the PLRA itself." *Id.* (*quoting Jones v. Bock*, 549 U.S. 199, 214 (2007)). Noting, also, that every other circuit to consider the matter had come out the opposite of *McGore*, the court overruled that case and held "that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA." *Id.*

In *McGore*, and *LaFountain*, the Sixth Circuit addressed whether plaintiff could make pre-dismissal amendments consistent with the PLRA. As noted, courts like *Jurich* logically explained that under *McGore* plaintiff could not make amendments "following the screening process." 2010 WL 3258359, at *3. Under the logic of *LaFountain*, however, whether a plaintiff can amend post-dismissal depends not on the PLRA (which says nothing about the matter) but on Rule 15 and other general rules of procedure.

To the extent that *LaFountain* is grounded on treating IFP plaintiffs the same as fee-paying plaintiffs, it is worth noting that many courts have held that the right to amend as a matter of course survives a Rule 12(b)(6) motion to dismiss, which is analogous to the PLRA screening here. *See U.S. v. Union Corp.*, 194 F.R.D. 223, 229 (E.D. Penn. 2000) (collecting cases holding that the right to amend survives dismissal, but noting other contrary holdings as well); 1 Steven S. Gensler & Lumen N. Mulligan, *Federal Rules of Civil Procedure, Rules and Commentary*, Rule 15 (Feb. 2020 update) (noting that some courts "held that the right to amend once as a matter of course continued during the period between when the court granted the motion to dismiss and when the court entered final judgment"); 6, Wright & Miller, *Federal Practice and Procedure*, § 1483 (3d ed., Aug. 2019 update) ("Indeed, it was also held [before recent amendments to Rule 15 that do not affect the present issue] that the ability to amend as of course survived beyond the decision on the motion [to dismiss] unless the decision clearly cut off the right to amend. . . . In practice a distinction appears to have been drawn by the courts. In general it was held that a party could amend as of course within a reasonable time after an order dismissing the complaint had been entered, inasmuch as no responsive pleading had been served. However, if both an order dismissing the action and a final judgment had been entered, or a substantial period of time had elapsed since the dismissal, an amendment could be made only by leave of court." (citations omitted)). Some courts have held that the right terminates after dismissal, although leave to appeal can still be sought. *See, e.g.*, *Geier v. Missouri Ethics Comm'n*, 715 F.3d 674, 677 (8th Cir. 2013) ("We have previously held that after a court dismisses a complaint, a party's right to amend under Rule 15 terminates. . . . But although a party may have lost its *right* to amend, it could still file a motion for *leave* to amend its

complaint."); *Czeremcha v. Int'l Assoc. of Machinists & Aerospace Workers, AFL-CIO*; *see generally* Gensler & Mulligan*, supra*, at Rule 15 (noting that some courts have held either that the right terminated with dismissal or the court could deny a post-dismissal amendment). For its part, the Sixth Circuit has upheld an amendment as a matter of right filed after the district court dismissed the original complaint. *Ohio Cas. Ins. Co. v. Farmers Bank of Clay, Ky.*, 178 F.2d 570, 572-573 (6th Cir. 1948) (although the district court permitted an amendment within 30 days, the plaintiff filed later than that and the district court rejected the amendment).

Within the context of the PLRA, other circuits have held that the right to amend survives *sua sponte* dismissal. In *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013), the court upheld an order permitting an IFP plaintiff to amend her complaint after *sua-sponte* dismissal. The defendant asked the Seventh Circuit "to adopt a rule under which IFP plaintiffs do not have leave to amend as a matter of right after a section 1915 *sua sponte* dismissal for failure to state a claim." *Id.* at 1023. The court rejected such a rule, stating that district courts must permit "IFP plaintiffs leave to amend at least once in all circumstances in which such leave would be granted to fee-paying plaintiffs under Rule 15(a)." *Id.* The court noted that Rule 15(a) requires courts to grant leave to amend "whenever 'justice so requires.'" *Id.* at 1024 (*quoting* Fed. R. Civ. P. 15(a)). Nothing in the PLRA required *sua sponte* dismissals to be with prejudice and without leave to amend. *Id.* Further, the court noted, all but one of the circuits to have considered the issue have held that "IFP applicants have the same right to amend that fee-paying plaintiffs enjoy," and thus they "should be granted leave to amend [after a *sua sponte* dismissal] at least once in all cases in which Rule 15(a) would permit leave to amend." *Id.* The court included *LaFountain* in the majority. *Id.* at 1024 n.3.

*Luevano* analogized an IFP screening dismissal to a Rule 12(b)(6) dismissal, noting that the right to amend survived the latter form of dismissal. *Id.* at 1024 n.4 (*citing Timas v. Klaser*, 23 F. App'x 574 (6th Cir. 2001)). In *Timas*, the plaintiff had tried to amend his complaint after the district court had screened and *sua sponte* dismissed most of his claims. 23 F. App'x at 576. The district court rejected the amendment but the Seventh Circuit held that the "right to amend as a matter of course survives a motion to dismiss," and stated that it would survive *sua sponte* dismissal too.[6] *Id.* at 578; *see also Davis. v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998) ("Under our cases, where a trial court has dismissed a claim sua sponte under Rule 12(b)(6) without affording plaintiff an opportunity to replead, a remand is appropriate unless '"the claimant cannot possibly win relief."'" (citation omitted)).

Although not exactly on point, additional guidance can be found in the Sixth Circuit's opinion in *Tolliver v. Noble*, 752 F. App'x 254 (6th Cir. 2018). In *Tolliver*, the plaintiff claimed to have filed his motion to amend the day before a Report and Recommendation concluded that his complaint should be *sua sponte* dismissed. *Id.* at 258. The court did not receive the amended complaint, however, and though he filed again for permission to amend before the district court adopted the Report, the amended complaint never appeared on the docket before dismissal. *Id.* at 259. After the order was issued, the plaintiff filed a motion to amend along with an amended complaint, which the district court rejected because final judgment had entered. *Id.*

---

[6] Ultimately, however, the court held that the amendment would be futile and that "[e]ven where a plaintiff retains the right to amend once as a matter of course, 'a district court may deny leave to amend if the proposed amendment' . . . 'could not survive' a motion to dismiss." *Id.* (citation omitted). Recently, the Seventh Circuit has suggested that district courts have no discretion to reject amendments by right. *See Martensen v. Chicago Exchange*, 882 F.3d 744, 745 (7th Cir. 2018) (Every plaintiff is entitled to file one amended complaint within 21 days of the original complaint, an answer, or a motion to dismiss. Fed. R. Civ. P. 15(a)(1). Martensen was eligible under that rule, no matter what the judge thought of the amendment's merit.").

On appeal, the Sixth Circuit noted that the plaintiff "was free to file an amended complaint as a matter of right any time before his complaint was dismissed." *Id.* at 262. The court did not, however, cite anything other than Rule 15(a)(1) to support this proposition. Nor was it necessary to the analysis because the court went on to hold that leave to amend should have been granted. The basis for this holding were the plaintiff's consistent efforts to notify the district court of his desire to amend, despite not actually filing the amended complaint. *Id.* The court distinguished this case "from other cases involving post-judgment amendments, as Tolliver was seemingly (and reasonably) unaware of the dismissal before filing his amended complaint, had previously requested leave to amend, and sent the amended complaint just one day after the dismissal." *Id.* at 263-264. Moreover, the court noted that because the defendants had "not yet been served, the dual considerations of finality and prejudice usually at play in post-judgment amendments are not readily applicable." *Id.*; *see also Moses v. Gardner*, 2016 WL 9445913, *2 (6th Cir. May 24, 2016) ("The district court abused its discretion in dismissing Pamela Moses's claims for her purported failure to file an amended complaint.  Pamela Moses was entitled to amend her complaint once as a matter of course without obtaining leave from the district court. *See* Fed. R. Civ. P. 15(a)(1). Although styled as a 'motion to leave for amended complaint,' Pamela Moses's filing, as recognized by the district court, 'consisted of the Amended Complaint.' The magistrate judge's statement that Pamela Moses had 'not technically filed an amended complaint' held her to a strict formalistic standard in conflict with the liberal construction afforded pro se pleadings.").

If this were all, I would conclude that Plaintiff's entitlement to amend as a matter of course under Rule 15(a) survived the dismissal order. This conclusion reflects *LaFountain*'s

application of the normal rules of civil procedure, under which *Farmers Bank* indicates that Plaintiff would have had the right to amend post-dismissal. *Tolliver* merely suggested that this right terminated at dismissal, but it did not discuss the issue or pronounce a holding and, in any event, that opinion is unpublished. Even so, as noted above, it is not at all clear that Plaintiff's filing here should be found to have come *after* the simultaneous dismissal order, and it certainly came prior to the current amended dismissal order.

However, other rules potentially cut off the amendment. For example, the Sixth Circuit has stated that post-*judgment* motions to amend are permitted if the movant makes the more difficult showing that the case should be reopened under Rule 59. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Service*, 616 F.3d 612, 615-616 (6th Cir. 2010). In other words, amendments by right can occur during the period between the dismissal and the entering of judgment, but afterwards, the more specific provision for reopening, Rule 59, applies. *Cf.* Wright & Miller, *supra* at § 1483. A final judgment has not entered in this case. (ECF No. 28, PageID.271 (order from the Sixth Circuit explaining that no final judgment had entered)).

Another, more relevant limitation is the Sixth Circuit's holding that a plaintiff "is not entitled to amend his complaint after he has appealed its dismissal." *J & K Home Imp. Co., Inc. v. Riley*, 755 F.2d 932, 1985 WL 12908, at *1 (6th Cir. 1985). As one treatise notes, the survival of the right to amend after dismissal "will afford the party against whom a dismissal is granted the option of amending the pleading or of having a judgment entered and taking an appeal." Wright & Miller, *supra* at § 1483. The authors characterize this as giving the plaintiff an ability to waive amendment by appeal. *Id.* at n.12 (*citing Univ. Club v. City of New York*, 842 F.2d 37

12

(2d Cir. 1988)). Nothing suggests, however, that such a waiver would bar the court from granting discretionary leave under Rule 15(a)(2).

It is unclear what affect the appeal had here, given that Plaintiff first filed the amended complaint and the appeal was rejected for lack of jurisdiction. It is unnecessary to decide this issue because any outcome on the issue of amendment will lead the case back to its present state, with the same claims remaining against the same defendants and all others dismissed. If the amendment were denied, the case would remain unchanged. If he were entitled to amend, then his new complaint would remain subject to *sua sponte* dismissal for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). If Plaintiff could amend only with leave of the Court, the motion to amend could either be granted then screened or partially denied due to futility if it failed to state a claim; in either event, the amended complaint would undergo the same analysis and the same claims and defendants would be kicked. Given the unique facts of this case, I do not believe that any futility of the amendment should prevent the Court from granting his motion. The reasoning of *Tolliver* also suggests that leave should be granted. As in that case, Plaintiff here was reasonably diligent and no prejudice will result to the defendants.

For these reasons, I recommend that the Court grant under Rule 15(a)(2), Plaintiff's motion to amend.

### 2.   IFP Screening

Under 28 U.S.C. § 1915(e)(2)(B), court can *sua sponte* review and dismiss the complaints of plaintiffs proceeding IFP if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action . . . ." *Id.*

Because Plaintiff's complaint is nearly identical to his original, the reasoning in this Court's earlier dismissal order continues to apply to the unamended portions of the complaint. The only amendment that potentially affects the original claims is Plaintiff's addition to paragraph 42 asking the Court to contact defendant Farhat as a witness. (ECF No. 16, PageID.171). This fails to state an independent claim, and contacting Farhat, even if permissible, would not help the amended complaint to state a claim. Therefore, any claims associated with this additional language are insufficiently pleaded. Consequently, as to these portions (the

14

unamended language and the supplementary sentence in paragraph 42), I recommend that the Court adopt and incorporate its earlier order. (ECF No. 14).

As to the new defendants, I suggest Plaintiff's amendments fail to state a claim against them and thus they should be dismissed from the case under 28 U.S.C. § 1915(e)(2)(B). Regarding Ms. Davidson, Plaintiff contends that she interviewed him in front of other prisoners at lunch concerning a grievance he had filed against another officer (apparently defendant Detloff). (ECF No. 16, PageID.169). This "made him greatly fear situations, so he signed off grievance because of the public interview done, and the fear that set in from remembering experiences at prior facility whom he recently to that time frame just litigated against for same-similar situation he got stabbed." (ECF No. 16, PageID.169-170). Finally, he states that on the day Ms. Davidson "called him out to view grievance publicly," he "had meeting to start College classes, and he didn't want to lose chances to prosper in his education goals, and did what he did under duress." (ECF No. 16, PageID.170).

It is unclear what he means by "signed off" and how this action affected him.[7] Nor is it apparent what sort of constitutional violation this is meant to represent. To the extent he alleges verbal harassment, his claim is insufficient to constitute a constitutional violation. *See* (ECF No. 14, PageID.144-145 (*citing Jones Bey v. Johnson*, 248 F. App'x 675, 677-678 (6th Cir. 2007); *Brown v. Toombs*, 983 F.2d 1065 (Table), 1993 WL 11882, at *1 (6th Cir. Jan. 21, 1993); *Ivey v. Wilson*, 32 F.2d 950, 954-955 (6th Cir. 1987)).

---

[7] His attachments to the original complaint—which can be considered when analyzing the sufficiency of the pleadings, *see* Fed. R. Civ. Pro. 10(c)—do not elucidate the matter.

15

Plaintiff offers no allegations to shore up a retaliation claim, which requires showing that he engaged in some protected conduct, adverse action was taken that would deter a person of reasonable firmness from such conduct, and that the conduct was causally linked to the adverse action. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Presumably, he means that the filing of the grievance was protected conduct, that mentioning it in front of other prisoners would deter a person of reasonable firmness from filing grievances, and the adverse action was linked to the conduct. It is true that filing grievances was a constitutional right and therefore protected conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). And perhaps publicly announcing a prisoner's grievance could deter him or her from filing. But there is not enough to establish causation beyond the mere fact that Ms. Davidson was talking to Plaintiff as part of the grievance process. The causation inquiry, however, deals with the defendant's motivation. *Thaddeus-X*, 175 F.3d at 399. "[T]he plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. . . . Conclusory allegations of retaliatory motive 'with no concrete and relevant particulars' fail to raise a genuine issue of fact for trial." *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003). Here, Plaintiff has not alleged anything that would allow the Court to even infer retaliatory motive. Ms. Davidson's only role was questioning Plaintiff. Nothing in the amended complaint suggests she would want to punish Plaintiff for his grievance against Detloff (or any other prison officer). At best, the Court would have to speculate that prisoner officers' natural solidarity supplied Ms. Davidson with retaliatory animus. But this gross generalization cannot make up for the lack of actual allegations plausibly showing her motivation.

For many of the same reasons, Plaintiff's allegations against Mr. Mclain fail to state a claim. It appears Plaintiff is alleging that Mr. Mclain "biases discriminatory daily racially displayed actions-towards prisoner Frazier's . . . at numerous-times." (ECF No. 16, PageID.171). "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *see also Raines v. Goedde*, 972 F.2d 348 (Table), 1992 WL 188120, at *1 (6th Cir. 1992) ("The claim of racial discrimination was conclusory and unsupported by the record. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under 42 U.S.C. § 1983."). Here, Plaintiff offers no factual allegations to support his conclusory claim that Mr. Mclain discriminated against him. Thus, the amendment is insufficient to state a claim.

Plaintiff also claims that Mr. Mclain ignored him and "told him he [*i.e.*, Plaintiff] was getting on his nerves." (ECF No. 16, PageID.171). Verbal harassment and rudeness like that claimed here do not amount to constitutional violations. *See* (ECF No. 14, PageID.144-145). Therefore, these allegations do not state a claim against Mr. Mclain.

Because Plaintiff has not stated any claims against Ms. Davidson and Mr. Mclain, I conclude that they should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### III.   <u>CONCLUSION</u>

In short, Plaintiff's motion to amend (ECF No. 15) should be **GRANTED**. However, I also recommend screening the complaint under 28 U.S.C. § 1915(e)(2)(B) and **DISMISSING** all claims and defendants, new and old, except for those against defendants Colthfelt and

Schubring, which were the only ones left standing in the Court's prior dismissal order (ECF No. 14).

## IV.   <u>REVIEW</u>

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.

18

If the Court determines that any objections are without merit, it may rule without awaiting the

response.

Date:  February 7, 2020                                    S/ PATRICIA T. MORRIS
                                                          Patricia T. Morris
                                                          United States Magistrate Judge


**<u>CERTIFICATION</u>**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Alvin Frazier #379628 at G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

Date: February 7, 2020                                    By s/Kristen Castaneda
                                                          Case Manager

19